DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXIS J. LOEB (CABN 269895)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7168
    FAX: (415) 436-7234
    Alexis.loeb@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-326 JSW |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| OSCAR MEDRANO, | Sentencing date: February 11, 2020 |
| Defendant. | Hon. Jeffrey S, White |

In this prosecution for possession of methamphetamine with the intent to distribute and illegal reentry following removal, the United States respectfully recommends that the Court sentence the defendant, Oscar Medrano, to 60 months' imprisonment (the mandatory minimum sentence), four years of supervised release (also the mandatory minimum), no fine, and a $200 special assessment. The defendant is not safety-valve eligible.

**BACKGROUND**

**I.**    **Offense Conduct**

On June 2, 2019, officers from the Pittsburg Police Department responded to a residential neighborhood in Pittsburg, where there had been a report of armed men fighting. PSR ¶ 6. They arrived on the scene to find the defendant running from the area. *Id.* He threw a black object over a fence

before the police caught up with him. *Id.* The police then arrested Medrano and retrieved the black object, which turned out to be a latex glove concealing 151.5 grams of methamphetamine, over 2,000 doses. *Id.*

The defendant is a citizen of Mexico. PSR p. 3. He was deported on October 14, 2015, following a 2011 conviction for inflicting corporal punishment (an aggravated felony), child cruelty, willful discharge of a firearm in a negligent manner, and being a felon in possession of a firearm, for which he received a six-year prison sentence. *Id.* ¶ 8, 41. The 2011 conviction occurred in connection with an incident where the defendant pistol-whipped and attempted to shoot his former girlfriend while she held the couple's one-year-old daughter. PSR ¶ 41. The defendant remained in Mexico until sometime in 2018. PSR ¶ 55.

## II.     Procedural History

Medrano was indicted on July 18, 2019 in a two-count indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and illegal reentry following removal, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] He pled guilty pursuant to a Rule 11(c)(1)(B) plea agreement on November 26, 2019. In the plea agreement, the government agreed to recommend a sentence at the low end of the Guidelines, provided the defendant continued to accept responsibility. Plea Agreement ¶ 15 (Dkt. 17). Because of the mandatory minimum that applies to Count 1 (the violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)), "the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1.

## DISCUSSION

### I.     Sentencing Guidelines Calculation and Mandatory Minimum

Probation and the parties agree that Medrano's total offense level is 22. PSR ¶ 32. The two counts are not grouped, pursuant to U.S.S.G. § 3D1.2.

The offense level for Count 1, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), is 24, based on the quantity of methamphetamine (at least 50 but less than 200 grams). No specific offense characteristics apply.

---

[1] 8 U.S.C. § 1326(b)(2) applies because Medrano was deported after committing an aggravated felony. It increases the maximum penalty from 10 years to 20 years.

The offense level for Count 2, illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2), is 16: a base offense level of 8 (U.S.S.G. § 2L1.2) and an eight-point enhancement because Medrano committed a felony before he was deported for which the sentence imposed was at least two years (U.S.S.G. § 2L1.2(b)(2)(B)).

Conducting the grouping analysis, Count 2's offense level (16) is 5-8 levels less serious than the offense level for Count 1, so a total of 1.5 units apply, which corresponds to a one-level increase to the adjusted grouped offense level, from 24 to 25.  U.S.S.G. § 3D1.4.  Subtracting three points for acceptance of responsibility, the total offense level is therefore 22.

Medrano's criminal history category is II.  PSR ¶ 42.  His Guidelines range would be 46-57 months; however, because of the five-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B), the Guidelines sentence is 60 months.  U.S.S.G. § 5G1.1.

Medrano is not safety-valve eligible because he has a prior three-point offense, and he has not completed a safety-valve proffer.  18 U.S.C. § 3553(f)(1)(B), (5).

## II.     Sentencing Recommendation

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  A sentence of 60 months is sufficient, but not greater than necessary, to achieve the goals described in 18 U.S.C. § 3553(a): to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."  *Id.* (citing 18 U.S.C. § 3553(a)).

Medrano has now repeatedly engaged in dangerous behavior, both in the incident leading to his 2011 conviction, and again here (where he was in a fight with armed men in a residential neighborhood, and then was found with 2,000 doses of methamphetamine on him).   This is also not his first methamphetamine-related conviction. PSR ¶ 40. While the government understands that Medrano has family ties in the United States, it is regrettable that, after being deported and illegally returning to the country, he chose to sell a dangerous drug.  That said, a 60-month sentence is sufficient here in light of

factors including the defendant's relatively quick acceptance of responsibility and expressions of remorse.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence Medrano to 60 months' imprisonment, a four-year term of supervised release, no fine, and a $200 special assessment.

DATED: February 4, 2020                                Respectfully submitted,

                                                                DAVID L. ANDERSON
                                                                 United States Attorney

                                                                 _____/s Alexis J. Loeb_____
                                                                 ALEXIS J. LOEB
                                                                Assistant United States Attorney