STEVEN G. KALAR
Federal Public Defender
Northern District of California
JOYCE LEAVITT
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone: (510) 637-3500
Email: Joyce_Leavitt@fd.org

Counsel for Defendant MEDRANO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR MEDRANO,<br><br>Defendant. | **Case No.:** CR 19–00326 JSW<br><br>**DEFENDANT OSCAR MEDRANO'S SENTENCING MEMORANDUM**<br><br>**Court:** Courtroom 5, 2nd Floor<br>**Date:** February 11, 2020<br>**Time:** 1:00 p.m. |

I.   INTRODUCTION

Defendant Oscar Medrano will be sentenced by this Court on February 11, 2020 after having pled guilty to possession with intent to distribute methamphetamine (count one) and illegal re-entry following removal (count two). The probation officer who prepared the Presentence Report which was disclosed on January 28, 2020 (PSR), calculates the offense level to be 22 and criminal history category to be II, *see* PSR, Sentencing Recommendation, resulting in an advisory guideline range of 46-57 months custody. However, Mr. Medrano faces a mandatory minimum sentence of 60 months custody based upon the quantity of methamphetamine he possessed. All parties agree that a term of imprisonment of 60 months custody is the appropriate sentence. Mr. Medrano asks the Court to

sentence him to 60 months custody and files this sentencing memorandum in support of his request.

## II.     DISCUSSION

### A.     A SENTENCE OF 5 YEARS CUSTODY IS APPROPRIATE

The Supreme Court's decisions over the last decade have dramatically altered the district court's role at sentencing, s*ee United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38 (2007), such that district court judges now have the ability – as well as the duty – under 18 U.S.C. § 3553 to exercise judgment and discretion in arriving at a sentencing determination.  District courts still 'must consult [the] Guidelines and take them into account when sentencing. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting *Booker*, 543 U.S. at 224).

However, an individual who is convicted of a drug offense described in 21 U.S.C. § 841(a) is subject to the statutorily enacted mandatory minimum sentences enumerated in 21 U.S.C. §841(b). In this case, based upon Mr. Medrano's factual statement included in the plea agreement regarding the quantity of methamphetamine he possessed, the statute requires that Mr. Medrano "shall be sentenced to a term of imprisonment which may not be less than 5 years . . . [and] a term of supervised release of at least 4 years in addition to such term of imprisonment." *See* 21 U.S.C. §841(b)(1)(B)(viii).

Although the Court could vary upward from the guidelines and impose a sentence which is greater than the mandatory minimum of 5 years custody, the parties and probation officer agree that the Court should impose no more than what is required by statute. The parties' recommendation also is consistent with the factors described in 18 U.S.C. § 3553, some of which are discussed below.

### B.     The Nature and Circumstances of the Offense

The nature and circumstances support no more than the mandatory minimum sentence of 5 years custody followed by 4 years of supervised release. The facts are included in the PSR and indicate that on June 2, 2019, Pittsburg police officers responded to a report of a fight and observed Mr. Medrano run from the area and throw a black object over a fence. PSR at ¶6. Officers retrieved the black object and found it was a black glove containing methamphetamine. *Id*. Officers searched Mr. Medrano and found additional baggies of methamphetamine as well as a glass smoking pipe. *Id*. Mr. Medrano, who has a long history of addiction to methamphetamine, told the officers that he was

being threatened by his girlfriend's ex-husband and family members and feared for his safety which was why he ran. *Id*. at ¶7. Mr. Medrano admitted that the dope was his because he is a "dope fiend" and also admitted in his plea agreement that he intended to distribute the methamphetamine to other people. PSR at ¶7; Plea Agreement at ¶2. He did not possess a firearm and cooperated upon arrest.

In addition, Mr. Medrano was born in Mexico and had previously been deported. PSR at ¶¶51-52. After his deportation, he remained in Mexico for a couple of years until he was attacked by individuals whom he believed to be part of the Mexican Cartel. *Id*. at ¶52. At that point, he came back to the United States without permission. *Id*. Mr. Medrano was brought to this country when he was a baby and his brothers all live in California. PSR at ¶51-52. He will be deported again and can not return. Based upon the nature and circumstances of Mr. Medrano's offense conduct, a sentence of 5 years custody is sufficient to meet the goals of sentencing.

### C.  Mr. Medrano's History and Characteristics

Under 18 U.S.C. § 3553(a), Mr. Medrano's history and characteristics are also relevant. Mr. Medrano was born in Mexico but brought to the United States when he was an infant. *Id*. at ¶¶51-52. Although his childhood was positive and his basic needs were met, Mr. Medrano grew up in a dangerous and violent neighborhood in Pittsburg, California which was overrun with gangs. *Id.* at ¶52. Against this backdrop, Mr. Medrano joined a gang at a young age and very quickly started to get into trouble. *Id*. at ¶¶35-40. He started using drugs and by the age of 13 years old, was drinking and smoking marijuana daily. *Id*. at ¶¶63-64. He later turned to methamphetamine and has struggled with his sobriety. Now at the age of 34, Mr. Medrano's drug addiction has been with him for more than twenty years.

Mr. Medrano's addiction contributed to the offense conduct as he has struggled to feed his own habit without any treatment or other programming to break the cycle. The federal system has superior programming and while Mr. Medrano is in the Bureau of Prisons' custody, he will get access to outstanding treatment. Unfortunately, he will not get treatment on supervision because he will be deported despite having spent his first 30 years in this country and despite the fact that Mr. Medrano's entire immediate family lives here. He is paying a harsh price for his crimes above and beyond the custodial portion of his sentence. For these reasons as well, a sentence of 5 years custody

is more than sufficient to meet the goals of sentencing.

### D. The Need to Promote Respect for the Law, Just Punishment and Adequate Deterrence

The mandatory minimum sentence of 5 years custody is more than adequate to promote respect for the law and provides just punishment for Mr. Medrano. It represents an upward variance above his advisory guideline range of 46-57 months and will be followed by deportation. Such a sentence undoubtedly provides respect for the law and just punishment. Furthermore, Mr. Medrano will be adequately deterred. He recognizes what will happen if he commits crimes in the future and needs no additional punitive sanctions beyond the requested sentence in order to be deterred.

### E. Obtaining Treatment in the Most Effective Manner

As stated above "the underlying purposes of sentencing include not only punishment and deterrence, but also the provision of treatment to a defendant in need of it." *United States v. Bad Marriage*, 392 F.3d 1103, 1114 (9th Cir. 2004) (citing 18 U.S.C. § 3553(a)(2)(D)). Mr. Medrano has a serious addiction and is asking the Court to recommend that he be allowed to participate in the Bureau of Prisons Residential Drug and Alcohol Program (RDAP). He will be unlikely to get good time credits for his participation but the treatment will benefit Mr. Medrano as he learns tools to assist him in remaining sober. Mr. Medrano will not be supervised in the United States because he will be deported after his custodial sentence. However, the proposed sentence of 5 years custody is sufficient to enable Mr. Medrano to obtain treatment and counseling in the most effective manner.

## III. CONCLUSION

For the reasons described above, Mr. Medrano respectfully requests that the court sentence him to the mandatory minimum term of 5 years imprisonment followed by 4 years of supervised release.

//
//
//
//

Dated:     February 4, 2020                                      Respectfully submitted,

DEFENDANT'S SENTENCING MEMORANDUM
*MEDRANO*, CR 19–00326 JSW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEVEN G. KALAR
Federal Public Defender
Northern District of California

              /S/
JOYCE LEAVITT
Assistant Federal Public Defender

DEFENDANT'S SENTENCING MEMORANDUM
*MEDRANO*, CR 19–00326 JSW